**BANCO DE DESARROLLO
AGROPECUARIO, S.A.,
Plaintiff,**

v.

**Robert V. GIBBS; The First Venezuelan Company, Ltd.; The Bank of International Credit, Ltd.; Devinco of Florida, Inc.; Alfredo Beracasa; and International Capital & Development Corp., Defendants.**

**No. 86 Civ. 8547 (PKL).**

United States District Court,
S.D. New York.

Jan. 26, 1989.

Davis, Markel & Edwards, New York City (George F. Hritz, William F. Haigney, of counsel), Sheldon Evans, P.A., Miami, Fla., for plaintiff.

Steel Hector & Davis, Miami, Fla. (Gerald J. Houlihan, Cheryl A. Bell, of counsel), Stern, Fixler & Weiner, New York City (Joel S. Stern, of counsel), for "Gibbs" defendants.

## OPINION & ORDER

LEISURE, District Judge:

This matter is before the Court on defendants'[1] motion to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b). On July 18, 1988, this Court rendered a decision on defendants' motion to dismiss the second amended complaint. In that opinion, the Court reserved judgment on whether to dismiss plaintiff's RICO claims pending the *en banc* determination by the Court of Appeals for the Second Circuit in *Beauford v. Helmsley*, 865 F.2d 1386 (2d Cir.1989). The Court will assume familiarity by the parties with its previous opinion which addressed all issues except whether plaintiff sufficiently pleaded that the al-

leged predicate RICO acts constitute a "pattern of racketeering activity." 18 U.S. C. §§ 1961(5), 1962, 1964(a), 1964(c). The Court there stated that "[b]ecause the other grounds of defendants' motion to dismiss the RICO claims—including the RICO conspiracy claims alleging violations of § 1962(d)—are without merit, this Court will reserve decision on whether those claims must be dismissed until *Beauford v. Helmsley* is decided."

### Pattern of Racketeering Activity

In *Beauford, supra,* the Second Circuit shifted the analysis of relatedness and continuity from the enterprise element to the pattern element of a RICO claim. However, the Second Circuit has consistently noted that "whether one looks for the requisite continuity and relatedness by examining the pattern or the enterprise is really a matter of form, not substance." *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 51 (2d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). The Court does not now signal a retreat from the emphasis on the continuing, ongoing nature of a RICO violation.

The *Beauford* Court clarified what a plaintiff must plead in order to withstand a motion to dismiss a RICO claim. "What is required is that the complaint plead a basis from which it could be inferred that the acts of racketeering activity were neither isolated nor sporadic." *Beauford, supra,* 865 F.2d at 1391. There need be no allegation that the "scheme pursuant to which the racketeering acts were performed is an ongoing scheme having no demonstrable ending point." *Id.* A single criminal episode, containing a number of fraudulent acts, may constitute sufficient evidence of continuity or a pattern. There is no requirement of multiple episodes and, in determining whether there is a RICO pattern, each individual racketeering act is to be counted separately. In sum, the Second Circuit in *Beauford* rejected "any requirements that there be multiple schemes or long-term goals or temporal separation of racketeering acts...." *Id.* at 1393. How-

---

1. This motion is brought on behalf of all defendants except Alfredo Beracasa.

ever, proof of two acts of racketeering activity without more does not suffice to establish a RICO pattern. What must be determined is "whether two or more acts of racketeering activity have sufficient interrelationship and whether there is sufficient continuity or threat of continuity to constitute such a pattern." *Id.* at 1391.

Applying the above principles to the case at bar, it is clear that plaintiff has alleged predicate RICO acts which constitute a "pattern of racketeering activity." Plaintiff has alleged numerous predicate acts of mail and wire fraud occurring in a scheme to defraud plaintiff. Defendants' wrongful acts are alleged to have occurred in connection with one overarching scheme to defraud depositors of banks controlled by Gibbs. Because the members of this single, ongoing, six-year scheme changed over time, plaintiff has alleged the existence of three enterprises, each consisting of those defendants that plaintiff has reason to believe were participating in this continuous and ongoing scheme. The purpose of each of these enterprises, however, was the same: the diversion of deposits to the participants. The goal of these enterprises was open-ended, involving the looting of deposits of at least two banks over a period of not less than six years. Defendants' participation in this single six-year scheme through a continuous pattern of mail and wire frauds whose purpose was the ongoing looting of entities controlled by Gibbs surely brings their conduct within the ambit of the RICO statute.

In sum, the complaint alleges that defendants entered into a scheme which involved the organization of a maze of closely-held corporations through which they intended to funnel bank deposits and other assets under Gibbs control. This was to be accomplished by Gibbs causing the banks that he controlled to make unsecured or inadequately secured loans to these closely-held corporations. Those corporations, in turn, were to use these "borrowed" funds to "capitalize" other business ventures that Gibbs, Beracasa and others intended to operate for their own profit. This scheme was allegedly accomplished through various acts of mail and wire fraud, which

were neither isolated nor sporadic. The Court concludes therefore, that the relatedness and continuity factors have been adequately alleged in the second amended complaint and that the amended complaint does not fail to satisfy the pattern requirement.

*Breach of Contract and Fraudulent Conveyance (Counts IX and X)*

Defendants contend that if the federal claims here alleged are dismissed, then the state claims also should be dismissed. As defendants have not provided the Court with any reason to dismiss the federal claims, under the principle of pendent jurisdiction, the state claims must stand.

*Conclusion*

Defendants' motion to dismiss the second amended complaint is denied. Costs are also denied.

SO ORDERED.